# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LORETTA ELLIOTT,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>    Defendant. | Case No.: **1:16-cv-1775**<br><br>**NOTICE OF REMOVAL**<br>**[28 U.S.C. § 1441, et seq.]** |

**TO:**  The Honorable John S. Brubaker
    Clerk of United States District Court
    Middle District of North Carolina
    P.O. Box 2708
    Greensboro, NC 27402

**PLEASE TAKE NOTICE** that Defendant, American States Insurance Company ("American States"), hereby gives notice of the removal of the above-captioned action, pursuant to 28 U.S.C. § 1441, *et seq.*, from the Superior Court of Durham County, North Carolina, to the United States District Court for the Middle District of North Carolina. As grounds for this removal, American States demonstrates:

1. On or about August 9, 2016, Plaintiff, Loretta Elliott ("Ms. Elliott"), commenced a civil action against American States by filing a complaint in the Superior Court of Durham County, North Carolina, Civil Case No. 16-CVS-4076 ("State Court Action"). In her complaint, Ms. Elliott states a claim against American States for Unfair and Deceptive Trade Practices under Chapter 75 of the North Carolina General Statutes.

1

*See* Complaint and accompanying summons attached hereto as **Exhibit A**, ¶¶ 19-24. Ms. Elliott's claim against American States is based on its alleged refusal to settle her claim for underinsured motorist ("UIM") under an automobile policy issued to her by American States arising from a January, 2013, automobile accident in which she was involved. *Id.*, ¶¶ 3-18.

2. As a result of American States' alleged conduct, Ms. Elliott asserts in her complaint that she is entitled to recover compensatory damages in excess of $25,000. *Id.*, ¶ 24 and Prayer for Relief, ¶ 1. Ms. Elliott further asserts that she is entitled to treble the compensatory damages she seeks for her unfair and deceptive trade practices claim, requesting that her damages be trebled as provided by N.C. Gen. Stat. § 75-16. *Id.*, ¶ 24 and Prayer for Relief, ¶ 2. Therefore, it is apparent from the face of Ms. Elliott's complaint that the $75,000 monetary threshold, exclusive of interests and costs, of 28 U.S.C. § 1332 has been met.

2. Ms. Elliott served process issued in the state court action upon American States through the North Carolina Department of Insurance on August 12, 2016, and the North Carolina Department of Insurance, in turn, forwarded a copy of the summons and complaint to American States, which process was received on August 24, 2016. A copy of the relevant correspondence evidencing service is attached hereto as **Exhibit B**.

3. Based on the service dates above, American States is timely filing this notice of removal within 30 days after receiving the first pleading or notice that the state court action may be removed to this Court under 28 U.S.C. § 1446(b).

4. Since the alleged amount in controversy in the state court action exceeds the sum of $75,000, exclusive of interest and costs, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship among the parties by virtue of the allegations in Ms. Elliott's complaint and the fact that:

    a. Ms. Elliott is a citizen of North Carolina. *See* Ex. A, ¶ 1; and

    b. American States is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. *See id.*, ¶ 2.

5. The state court action is currently pending in the Superior Court of Durham County, North Carolina, which county is located within the geographic boundaries for this Court; therefore, the venue of this action is proper with this Court upon removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

6. American States will promptly notify Ms. Elliott's counsel and the Clerk of Court for Durham County, North Carolina, of the removal of the state court action to this Court through the filing and service of this notice with said Clerk of Court, as required by 28 U.S.C. § 1446(d).

[Signature Block on Following Page]

Respectfully submitted, this the  23rd  day of September, 2016.

                        WALL TEMPLETON & HALDRUP, P.A.


            By:    /s/ J. Mark Langdon
                  J. Mark Langdon (NCSB 19359)
                  William W. Silverman (NCSB 38511)
                  1001 Wade Avenue, Suite 423
                  Raleigh, North Carolina 27605
                  Phone:     (919) 865-9500
                  Facsimile:  (919) 865-9501
                  Email: mark.langdon@walltempleton.com
                          william.silverman@walltempleton.com

                  *Attorneys for Defendant American States*
                  *Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he/she supervised his/her office in the service of the foregoing "**Notice of Removal**" on the following parties or on counsel for the parties to this action by depositing a copy of the same in the United States mail, postage prepaid, addressed as follows:

J. Bruce Hoof, Esq.
Hoof Hughes Law, PLLC
P.O. Box 51098
Durham, North Carolina 27717-1098

*Attorneys for Plaintiff*

Submitted this __23rd__ day of September, 2016.

        WALL TEMPLETON & HALDRUP, P.A.

      By:   /s/ J. Mark Langdon
        J. Mark Langdon (NCSB 19359)
        William W. Silverman (NCSB 38511)
        1001 Wade Avenue, Suite 423
        Raleigh, North Carolina 27605
        Phone:  (919) 865-9500
        Facsimile:  (919) 865-9501
        Email: mark.langdon@walltempleton.com
           william.silverman@walltempleton.com

        *Attorneys for Defendant American States Insurance Company*