# Exhibit A

# STATE OF NORTH CAROLINA

**FILED**

2016 AUG -9 PM 1: 21

DURHAM COUNTY, C.S.C.

BY _____

_____ DURHAM _____ County

File No. **16CV040176**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| LORETTA T ELLLIOTT | Via: Certified Mail |
| Address | **CIVIL SUMMONS** |
| 331 SOUTH LAMAR ST. | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| ROXBORO, NC 27573 | G.S. 1A-1, Rules 3, 4 |

| VERSUS | Date Original Summons Issued |
|---|---|
| Name Of Defendant(s) | |
| AMERICAN STATES INSURANCE COMPANY | Date(s) Subsequent Summons(es) Issued |

---

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| American States Insurance Company c/o North Carolina Department of Insurance Wayne Godwin, Commissioner 1201 Mail Service Center, Raleigh, NC 27699-1201 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued AUG 0 9 2016 | Time 1:21 | ☐ AM ☐ PM |
|---|---|---|---|
| J. Bruce Hoof Hoof Hughes Law, PLLC PO Box 51098 Durham, NC 27717-1098 | Signature Cynthia M. Hams | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

---

| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

---

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

NORTH CAROLINA

DURHAM COUNTY

FILED

2016 AUG -9 PM 1: 21

DURHAM COUNTY. C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 16 CV 40176

LORETTA T ELLIOTT,

    Plaintiff

       v.

AMERICAN STATES INSURANCE
COMPANY

    Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

The Plaintiff, complaining of the Defendant, alleges and says that:

1.    The Plaintiff, Loretta T. Elliott (hereinafter "Elliott"), is a citizen and resident of Person County, North Carolina.

2.    The Defendant, American States Insurance Company (hereinafter "American States"), is an insurance company registered with the North Carolina Department of Insurance and is located at 175 Berkeley Street, Mail Stop 10B, Boston, MA 02116. At all times herein complained of American States was engaged in commerce in the State of North Carolina in that it was in the insurance business [including the selling of insurance policies and the handling of claims made under such policies] throughout the State of North Carolina, including in Durham County.

## FACTS

3.    On or about the 16th day of January, 2013, at approximately 4:35 p.m., the Plaintiff was driving a 2004 Honda automobile in a northerly direction on US 501 in Durham

County, NC at a lawful speed and in a reasonable and prudent manner when she was involved in a collision with a vehicle driven by Michael F. Jones ("Jones") hereinafter referred to at times as "the collision".

4.     The collision occurred when the truck driven by Jones attempted to drive across the northbound lanes of US Hwy 501 from the private drive, attempting to enter the southbound lanes of US 501. As Jones attempted to cross the northbound lanes of US Hwy 501, he drove his truck directly into the path of the automobile being driven North on US Hwy 501 by the Plaintiff thereby causing the collisions between the two vehicles. As a matter of law, the Plaintiff Elliott had the right-of-way at the place on US Hwy 501 North were the collision occurred. The impact of the collision caused the Jones' truck to spin around and as a result to strike the Plaintiff's automobile a second time in the rear of the Plaintiff's automobile.

5.     The said collision was solely and personally caused by the negligence of Jones in that he:

        A.    Drove his truck out of a private drive in front of approaching traffic on US Hwy 501;

        B.    Failed to yield the right-of-way to vehicles proceeding on a public highway, including the Plaintiff Elliott's vehicle, in violation of the provisions of NCGS §20-156(a);  when driving onto a public roadway from a private drive in violation of the provisions of NCGS §20-156(a);.

        C.    Failed to keep a proper lookout for vehicles traveling on US Hwy 501, including the Plaintiff Elliott's vehicle and keep his vehicle under proper control;

2

D. Operated his vehicle in a careless and reckless manner in violation of the provisions of NCGS § 20-140; and

E. Was in other respects negligent as may be determined through discovery or shown at trial.

6. Therefore, the facts of this collision presented a case of clear liability on the part of Jones.

7. As a proximate result of Jones' above said negligence causing the collision the Plaintiff suffered serious, painful and permanent bodily injuries which in turn caused her to incur medical and other expenses and suffer a decrease in her earning capacity.

8. At the time of the collision, Mr. Jones was insured by State Farm with a Thirty Thousand Dollar ($30,000.00) policy limit ("the Jones policy"). Plaintiff was insured by American States under Policy Number F2556627 that ran from August 13, 2012 to August 13, 2013 (hereinafter the "American States Policy"). Plaintiff Elliott's American States Policy provided for underinsured motorist (UIM) coverage in the amount of One Hundred Thousand ($100,000.00) Dollars. A true and exact copy of the American States Policy is attached hereto as Exhibit A and incorporated herein by reference.

9. On July 8, 2014 counsel for Plaintiff Elliott submitted a settlement demand on behalf of Elliott, supported by appropriate documentation (the settlement package) to State Farm, which provided the primary liability coverage for Jones' liability to Elliott arising out of the collision. The amount of that demand was $234,847.00.

10. On July 21, 2014 State Farm responded to this settlement demand by informing Elliott's counsel that the limits of the liability coverage provided by its policy covering Jones vehicle were $30,000.00; and further tendered those limits in discharge of its liability in this case

3

as provided by the N.C. Financial Responsibility Act (the Financial Responsibility Act). State Farm also requested, in accord with the provisions of the Financial Responsibility Act, that Elliott's counsel advise Elliott's insurance carrier [that being the Defendant herein, American States], of State Farm's said tender of the limits of the liability coverage provided by its policy for Jones so as to trigger in this case Defendant American States' rights, duties and obligations under the Financial Responsibility Act and the automobile insurance policy it had sold to Plaintiff Elliott [that being the American States' Policy]. The American States' policy provided to its insured, the Plaintiff Elliott, UIM coverage in the amount of $100,000 Dollars.

11.     American States declined to exercise its statutory right to advance the amount of State Farm's primary liability coverage ($30,000.00) and State Farm therefore paid that amount of its primary coverage to the Plaintiff Elliott in discharge of its liability thereby releasing State Farm from further liability in this matter.

12.     By virtue of statute, the terms of Plaintiff Elliott's American States policy, the amount of primary liability coverage provided by the State Farm policy and the amount of UIM coverage provided by Elliott's American States policy, American States provided $70,000 in additional insurance coverage for such liability in excess of $30,000.00 as Jones owed to Elliott by reason of the damages suffered by Elliott as results of the collision.

13.     On July 25, 2014 Plaintiff Elliott's counsel submitted a demand to American States that it pay its $70,000 in UIM coverage to Elliott in further compensation of the damages suffered by Elliott as results of the collision. In support of that demand Elliott's counsel submitted the same settlement package he had previously submitted to State Farm which supported the contention that Elliott was entitled to recover $234,847.00 from Jones as compensation for the injuries and damages Elliott had suffered as results of the collision.

4

14.     On August 28, 2014 a claims representative of American States, who was at all times relevant hereto acting on behalf of American States and within the course and scope of her employment with and authority on behalf of American States and in accord with and pursuant to the instructions and directions of American States, responded to Plaintiff Elliott's above said demand for $70,000 in UIM coverage by informing Elliott's counsel that Defendant American States [Plaintiff Elliott's insurance carrier] refused to pay any amount of its UIM coverage to compensate Elliott in excess of the payment by State Farm of its limits of $30,000, for the injuries and damages she had suffered as results of the collision. On August 29, 2014 Elliott's counsel responded to Defendant American States' said refusal to pay any amount of UIM coverage by a letter sent to American States confirming that telephone conversation with American States' claims representative; and by that letter of August 29, 2014 gave notice to American States that "As a result we feel compelled to institute litigation to recover amounts due under Ms. Elliott's underinsurance coverage of her Safeco [American States] policy. Please be advised that we will seek all legal remedies available to us as a result of your failure in good faith to effectuate a prompt fair and equitable settlement of this clear liability case." A copy of said August 29, 2014 letter is attached hereto as Exhibit B.

15.     American States did not respond to the notice sent to them on August 29, 2014. Accordingly, Plaintiff was compelled to institute litigation to recover amounts due her as a result of the accident. On October 8, 2014 Plaintiff instituted an action in Durham County Superior Court, Civil Action File No. 14 CVS 5177 (hereinafter the "*Elliott v Jones* lawsuit") to recover

5

damages as a result of the injuries suffered from the negligence of Mr. Jones. American States exercised its statutory right as a UIM carrier to defend the *Elliott v Jones* lawsuit as an unnamed party.

16.     On March 26, 2014 the *Elliott v Jones* lawsuit was referred to arbitration by Order of the Superior Court. An arbitration hearing was held on February 2, 2016 and an award was rendered in favor of Plaintiff on February 9, 2016 in the amount of $90,000.00 in actual damages plus prejudgment interest and costs as provided by law.

17.     On March 1, 2016 the Superior Court entered a Judgment in the *Elliott v Jones* lawsuit in accordance with the Arbitration Award. After deducting the $30,000.00 which State Farm had paid, the Court granted judgment in favor of Plaintiff in the amount of $60,000.00 with interest in the amount of 6,785.75 and cost in the amount of $1,284.42 for a total amount of $68,070.17. A copy of said order is attached hereto as Exhibit C.

18. Consequently, it was determined by the *Elliott v Jones* lawsuit that the Plaintiff Elliott was entitled to recover $68,070.17 of the $70,000 in UIM coverage provided by her American States' policy as compensation for the injuries and damages Elliott had suffered as results of the collision whereas the Defendant American States had refused to offer any amount of the UIM coverage provided by the policy it has sold to Elliott when counsel for Elliott had attempted to negotiate a settlement of Elliott's UIM claim with American States prior to, and without Elliott being compelled to institute a lawsuit to recover any amount of such UIM coverage, Consequently, Plaintiff was required to initiate and pursue through judgment the *Elliott v Jones* litigation in order to obtain a recovery of the UIM coverage provided by her American States as compensation for the damages she suffered as results of the collision.

## CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES

19.     The allegations contained in paragraphs 1 to 18 above are incorporated herein by reference as if fully set forth.

20.     At all times herein complained of, American States was engaged in commerce in the State of North Carolina.

21.     The actions of American States, as set forth above violated NCGS §58-63-15, which prohibits unfair methods of competition and unfair and deceptive claims handling practices in the business of insurance. American States so violated that statute by its following conduct.

A.     American States did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs claims in which liability had become reasonably clear in violation of NCGS §58-63-15(11)f.

B.     American States compelled Plaintiff to institute litigation to recover amounts due under the UIM provisions of her American States insurance policy by refusing in clear violation of NCGS § 58-63-13 (11)g to offer any amount of UIM payment whatsoever to Plaintiff Elliott to compensate her for the damages which Jones, the underinsured motorist had caused her to suffer.  Only after forcing the Plaintiff to file the *Elliott v Jones* lawsuit; and after that lawsuit was prepared to be heard by an Arbitration panel, did American States belatedly make token offers of its UIM coverage to settle the *Elliott v Jones* lawsuit, however the amounts of those offers were substantially less than the amount of UIM coverage ultimately recovered by the Plaintiff Elliott as the result of the Judgment entered in the *Elliott v Jones* lawsuit.

7

C.     American States attempted to settle Plaintiff's UIM claim for an amount of UIM coverage less than the amount of the UIM coverage provided by the American States' policy which a reasonable person would have believed Elliott was entitled to recover from the UIM coverage provided by the American States' policy, said conduct by American States being in violation of NCGS §58-63-15(11)h.

22.     American States actions as set forth above, were done in or affecting commerce.

23.     Each individual violation of NCGS §58-63-15 as a matter of law constitutes an unfair or deceptive trade practice violating NCGS Chapter 75.

24.     American States' said unfair and deceptive trade practices have damaged Plaintiff Elliott in an amount in excess of $25,000, and Plaintiff is entitled by the provisions of NCGS §§ 75-16 and 75-18.1 to have her said damages trebled; and to recover the attorneys' fees incurred in her pursuit of this action.

WHEREFORE, Plaintiff Elliott respectfully prays the Court that:

1. She recover of the Defendant American States an amount in excess of $25,000.00 in compensation for her actual damages;

2. That her damages so recovered be trebled as provided by N.C.G.S. §75-16;

3. That she recover of the Defendant American States her costs and expenses incurred in her pursuit of this action, including her attorneys' fees as provided by N.C.G.S. §75-16.1;

4. That all matters so triable be tried by jury; and

8

5. That she have such other and further relief as this Court may seem just and proper.

This the ⎯⎯⎯⎯ day of August, 2016.

HOOF HUGHES LAW, PLLC
Attorneys for Plaintiff

J. Bruce Hoof
State Bar No. 5671

James H. Hughes
State Bar No. 8328
PO Box 51098
Durham, North Carolina 27717-1098
(919) 806-4446

9

# AFFIDAVIT

State of Indiana

County of Hamilton

NAME OF INSURED:    LORETTA T ELLIOTT

POLICY NUMBER:    F2556627

POLICY DATES:    08-13-2012 TO 08-13-2013

David Hager being duly sworn on oath says he is an archivist of

American States Insurance Company  and that he has

compared the attached the insurance policy number listed above and

endorsements with the original records of the policy of insurance and

endorsements contained in the Company's files and that the same is a

true and exact recital of all the provisions in the said original policy and

endorsements attached thereto.

*David Hager*

Subscribed and sworn to before me

On November 19, 2014

*Jeffrey Jacob Snell*
Notary Public

Jeffrey Jacob Snell
Notary Public, State of Indiana
SEAL
Hamilton County
Commission # 649308
My Commission Expires
November 25, 2021

EXHIBIT A

 **Safeco** Insurance™
A Liberty Mutual Company

**THIS IS NOT A BILL.**
When money is due, you will receive a bill in a separate mailing.

CARVER AGENCY INC
PO BOX 560
ROXBORO    NC   27573-0560

JULY 9, 2013

Policy Number: F2556627
24-Hour Claims: 1-800-332-3226
Policy Service: (336) 599-2189
Online Account Services: www.safeco.com

LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

Thank you for allowing us to continue serving your insurance needs.

To ensure you are receiving the best coverage and value available, the following changes have been made to your 12-month automobile policy, including those requested by you or your agent or broker.

2001 CHEVROLET PRIZM/LSI
  - Collision coverage is deleted.

1991 BUICK PARK AVENUE
  - Vehicle is deleted.

This change is effective July 8, 2013.   Please place this letter with your insurance policy. Information on coverages and limits can be found on the revised Declarations page, enclosed.

The credit for this change is $539.54.   The billing for this amount will be explained on your next billing statement.   A $134.81 payment for the outstanding bill on your account is due on August 1, 2013.

If you have any questions or wish to make any changes to your policy, you can do so by calling your agent at (336) 599-2189.

We appreciate the opportunity to serve you.   Thank you.

Personal Lines Underwriting

2475

**AMERICAN STATES INSURANCE COMPANY**

OC-429/EP 6/09
G2

 **Safeco** Insurance™
A Liberty Mutual Company

POLICY NUMBER:  F2556627

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

**NAMED INSURED:**
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

**POLICY PERIOD FROM:**  AUG. 13 2013
**TO:**  AUG. 13 2014

at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
CARVER AGENCY INC
PO BOX 560
ROXBORO        NC  27573-0560

**AGENT TELEPHONE:**
(336) 599-2189

---

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|

| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|

**2004 HONDA**    CR-V EX              4 DOOR STATION WAGON    ID# SHSRD78874U212196
**LOSS PAYEE**    WELLS FARGO INSURANCE SERVICES

**2001 CHEVROLET**  PRIZM/LSI         4 DOOR SEDAN           ID# 1Y1SK52841Z404690

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

Your limits of liability are rated as Facility Liability.

| COVERAGES | 2004 HOND LIMITS | PREMIUM | 2001 CHEV LIMITS | PREMIUM |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $  158.24 | $100,000 Each Person $300,000 Each Occurrence | $  147.24 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 111.24 | $50,000 Each Occurrence | 103.24 |
| MEDICAL PAYMENTS | $2,000 | 22.00 | $2,000 | 20.00 |
| **DAMAGE TO YOUR AUTO:** | | | | |
| OTHER THAN COLLISION | Actual Cash Value | 111.00 | Actual Cash Value | 159.50 |
| COLLISION | Actual Cash Value Less $250 Deductible | 209.50 | | |
| **ADDITIONAL COVERAGES:** | | | | |
| TOWING & LABOR | $100 Each Disablement | 6.00 | $100 Each Disablement | 6.00 |
| EXT. TRANS. EXP | $30 Per Day/$900 Max | 20.00 | $30 Per Day/$900 Max | 20.00 |
| | TOTAL $ | 637.98 | TOTAL $ | 455.98 |

COMBINED UM/UNDERINSURED MOTORISTS:
BODILY INJURY                                  $  127.00
UNINSURED MOTORISTS (UM):
UNINSURED/UNDERINSURED MOTORISTS PROPERTY DAMAGE $    7.00
TOTAL EACH VEHICLE:     2004 HOND      637.98
                        2001 CHEV      455.98

|  | PREMIUM |
|---|---|
| **PREMIUM SUMMARY** | |
| VEHICLE COVERAGES | $ 1,093.96 |
| POLICY COVERAGES | $   134.00 |

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90                    Page 1 of 3              DATE PREPARED:  JULY  9 2013

247

Case 1:16-cv-01175-NCT-JEP  Document 1-1  Filed 09/23/16  Page 15 of 64


## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

**TOTAL 12 MONTH PREMIUM FOR ALL VEHICLES** ................................. $ 1,227.96

You may pay your premium in full or in installments. There is no installment fee
for the following billing plans: Full Pay, Annual 2-Pay. Installment fees for all
other billing plans are listed below. If more than one policy is billed on the
installment bill, only the highest fee is charged. The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $0.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

CONGRATULATIONS!  YOUR PREMIUM INCLUDES DISCOUNTS FOR:
Anti-Theft, Advance Quoting, Accident Free, Violation Free, Coverage, Multi-Car,
Both Side Air Bag


YOUR POLICY INCLUDES COMBINED UM/UNDERINSURED MOTORISTS BODILY
INJURY COVERAGE WITH LIMITS OF $100,000 PER PERSON/$300,000 PER
ACCIDENT. WE CHARGE ONE PREMIUM FOR THIS COVERAGE REGARDLESS OF
THE NUMBER OF VEHICLES ON YOUR POLICY.  YOUR PREMIUM IS $127.00.

YOUR POLICY INCLUDES UNINSURED MOTORISTS (UM) PROPERTY DAMAGE
COVERAGE WITH LIMITS OF $50,000 PER ACCIDENT. WE CHARGE ONE
PREMIUM FOR THIS COVERAGE REGARDLESS OF THE NUMBER OF VEHICLES ON
YOUR POLICY.  YOUR PREMIUM IS $7.00.

247X

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 16 of 64

 **Safeco Insurance**™
A Liberty Mutual Company

**THIS IS NOT A BILL.**
When money is due, you will receive a bill in a separate mailing.

CARVER AGENCY INC
PO BOX 560
ROXBORO      NC   27573-0560

MAY 15, 2013

Policy Number: F2556627
24-Hour Claims: 1-800-332-3226
Policy Service: (336) 599-2189
Online Account Services: www.safeco.com

LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

Thank you for allowing us to continue serving your insurance needs.

To ensure you are receiving the best coverage and value available, the following changes have been made to your 12-month automobile policy, including those requested by you or your agent or broker.

2004 HONDA CR-V EX
   - Other Than Collision coverage with a deductible of $0 is added.
   - Collision coverage with a deductible of $250 is added.
   - Towing & Labor coverage with a limit of $100 Each Disablement is added.
   - Extended Transportation Expense coverage with a limit of $30 Per Day/$900 Max is added.

2001 CHEVROLET PRIZM/LSI
   - Other Than Collision coverage with a deductible of $0 is added.
   - Collision coverage with a deductible of $250 is added.
   - Towing & Labor coverage with a limit of $100 Each Disablement is added.
   - Extended Transportation Expense coverage with a limit of $30 Per Day/$900 Max is added.

1991 BUICK PARK AVENUE
   - Other Than Collision coverage with a deductible of $0 is added.
   - Towing & Labor coverage with a limit of $100 Each Disablement is added.
   - Extended Transportation Expense coverage with a limit of $30 Per Day/$900 Max is added.

    Your discounts or surcharges have changed.   Please read the enclosed policy declarations page carefully.

This change is effective May 21, 2013.   Please place this letter with your insurance policy. Information on coverages and limits can be found on the revised Declarations page, enclosed.

The additional premium for this change is $146.53.  The billing for this amount will be explained on your next billing statement.   A $85.97 payment for the outstanding bill on your account is due on June 1, 2013.

PLEASE SEE REVERSE
**AMERICAN STATES INSURANCE COMPANY**

OC-429/EP 6/09
G2

If you have any questions or wish to make any changes to your policy, you can do so by calling your agent at (336) 599-2189.

We appreciate the opportunity to serve you. Thank you.


Personal Lines Underwriting

CC-430/EP 5/98
G1

247RX

**Safeco Insurance**™
A Liberty Mutual Company

POLICY NUMBER: F2556627

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC 27573-5514

POLICY CHANGE
 CHANGED EFFECTIVE:  MAY  21 2013
POLICY PERIOD FROM:  AUG. 13 2012
           TO: AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO       NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |

| 2004 HONDA | CR-V EX | 4 DOOR STATION WAGON | ID# SHSRD78874U212196 |
|---|---|---|---|
| LOSS PAYEE | WELLS FARGO INSURANCE SERVICES | | |

| 2001 CHEVROLET | PRIZM/LSI | 4 DOOR SEDAN | ID# 1Y1SK52841Z404690 |
|---|---|---|---|

Insurance is afforded only for the coverages for which limits of liability or
premium charges are indicated.

Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 2004 HOND LIMITS | PREMIUM | 2001 CHEV LIMITS | PREMIUM |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $ 149.07 | $100,000 Each Person $300,000 Each Occurrence | $ 139.07 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 105.57 | $50,000 Each Occurrence | 98.57 |
| MEDICAL PAYMENTS | $2,000 | 20.00 | $2,000 | 18.50 |
| **DAMAGE TO YOUR AUTO:** | | | | |
| OTHER THAN COLLISION | Actual Cash Value | 85.50 | Actual Cash Value | 127.50 |
| COLLISION | Actual Cash Value Less $250 Deductible | 158.50 | Actual Cash Value Less $250 Deductible | 203.50 |
| **ADDITIONAL COVERAGES:** | | | | |
| TOWING & LABOR | $100 Each Disablement | 6.00 | $100 Each Disablement | 6.00 |
| EXT. TRANS. EXP | $30 Per Day/$900 Max | 20.00 | $30 Per Day/$900 Max | 20.00 |
| | TOTAL | $ 544.64 | TOTAL | $ 613.14 |

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay, Annual 2-Pay.  Installment fees for all
other billing plans are listed below.  If more than one policy is billed on the
installment bill, only the highest fee is charged.  The fee is:
  $0.00 per installment for recurring automatic deduction (EFT)
  $0.00 per installment for recurring credit card or debit card
  $3.00 per installment for all other payment methods

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90                    Page 1 of 3              DATE PREPARED: MAY 15 2013

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 19 of 64

**Safeco Insurance**™
A Liberty Mutual Company

POLICY NUMBER:  F2556627

# AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

POLICY CHANGE
  CHANGED EFFECTIVE:  MAY  21 2013
POLICY PERIOD FROM:  AUG. 13 2012
                 TO:  AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO    NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |

| 1991 BUICK | PARK AVENUE | 4 DOOR SEDAN | ID# 1G4CW53L5M1703250 |
|---|---|---|---|

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 1991 BUIC LIMITS | PREMIUMS |
|---|---|---|
| LIABILITY: | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $  139.07 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 98.57 |
| MEDICAL PAYMENTS | $2,000 | 21.50 |
| DAMAGE TO YOUR AUTO: OTHER THAN COLLISION | Actual Cash Value | 41.00 |
| ADDITIONAL COVERAGES: | | |
| TOWING & LABOR | $100 Each Disablement | 6.00 |
| EXT. TRANS. EXPENSE | $30 Per Day/$900 Max | 20.00 |
| | TOTAL $ | 326.14 |

| COMBINED UM/UNDERINSURED MOTORISTS: | | |
|---|---|---|
| BODILY INJURY | $ | 127.00 |
| UNINSURED MOTORISTS (UM): | | |
| UNINSURED/UNDERINSURED MOTORISTS PROPERTY DAMAGE | $ | 7.00 |
| TOTAL EACH VEHICLE: 2004 HOND | $ | 544.64 |
| 2001 CHEV | | 613.14 |
| 1991 BUIC | | 326.14 |

| PREMIUM SUMMARY | PREMIUM |
|---|---|
| VEHICLE COVERAGES | $ 1,483.92 |
| POLICY COVERAGES | $  134.00 |
| TOTAL 12 MONTH PREMIUM FOR ALL VEHICLES ..................................... | $ 1,617.92 |

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90

DATE PREPARED: MAY  15 2013

Case 1:16-cv-01175-NCT-JEP  Document 1-1  Filed 09/23/16  Page 20 of 64



**Safeco** Insurance™
A Liberty Mutual Company

**POLICY NUMBER:  F2556627**

# AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay, Annual 2-Pay.  Installment fees for all
other billing plans are listed below.  If more than one policy is billed on the
installment bill, only the highest fee is charged.  The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $0.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

CONGRATULATIONS!  YOUR PREMIUM INCLUDES DISCOUNTS FOR:
Anti-Theft, Advance Quoting, Accident Free, Violation Free, Coverage, Multi-Car,
Both Side Air Bag, Low Mileage, Driver Side Air Bag


YOUR POLICY INCLUDES COMBINED UM/UNDERINSURED MOTORISTS BODILY
INJURY COVERAGE WITH LIMITS OF $100,000 PER PERSON/$300,000 PER
ACCIDENT. WE CHARGE ONE PREMIUM FOR THIS COVERAGE REGARDLESS OF
THE NUMBER OF VEHICLES ON YOUR POLICY.  YOUR PREMIUM IS $127.00.

YOUR POLICY INCLUDES UNINSURED MOTORISTS (UM) PROPERTY DAMAGE
COVERAGE WITH LIMITS OF $50,000 PER ACCIDENT. WE CHARGE ONE
PREMIUM FOR THIS COVERAGE REGARDLESS OF THE NUMBER OF VEHICLES ON
YOUR POLICY.  YOUR PREMIUM IS $7.00.



SA-1698/EP 9/90

**Page 3 of 3**

 **Safeco Insurance**™
A Liberty Mutual Company

**THIS IS NOT A BILL.**
When money is due, you will receive a bill in a separate mailing.

CARVER AGENCY INC
PO BOX 560
ROXBORO    NC  27573-0560

MAY 7, 2013

Policy Number: F2556627
24-Hour Claims: 1-800-332-3226
Policy Service: (336) 599-2189
Online Account Services: www.safeco.com

LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

Thank you for allowing us to continue serving your insurance needs.

To ensure you are receiving the best coverage and value available, the following changes have been made to your 12-month automobile policy, including those requested by you or your agent or broker.

2004 HONDA CR-V EX
  - Other Than Collision coverage is suspended.
  - Collision coverage is suspended.
  - Towing & Labor coverage is suspended.
  - Extended Transportation Expense coverage is suspended.

2001 CHEVROLET PRIZM/LSI
  - Other Than Collision coverage is suspended.
  - Collision coverage is suspended.
  - Towing & Labor coverage is suspended.
  - Extended Transportation Expense coverage is suspended.

1991 BUICK PARK AVENUE
  - Other Than Collision coverage is suspended.
  - Towing & Labor coverage is suspended.
  - Extended Transportation Expense coverage is suspended.

    Your discounts or surcharges have changed.  Please read the enclosed policy declarations page carefully.

This change is effective May 21, 2013.  Please place this letter with your insurance policy. Information on coverages and limits can be found on the revised Declarations page, enclosed.

The credit for this change is $146.53.  The billing for this amount will be explained on your next billing statement.

PLEASE SEE REVERSE
**AMERICAN STATES INSURANCE COMPANY**

OC-429/EP 6/09
G2

If you have any questions or wish to make any changes to your policy, you can do so by calling your agent at (336) 599-2189.

We appreciate the opportunity to serve you.   Thank you.


Personal Lines Underwriting


OC-430/EP 5/98
G1

**Safeco** Insurance™
A Liberty Mutual Company

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

POLICY CHANGE
  CHANGED EFFECTIVE:  MAY  21 2013
POLICY PERIOD FROM:  AUG. 13 2012
               TO:  AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO      NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |

2004 HONDA      CR-V EX          4 DOOR STATION WAGON   ID# SHSRD78874U212196
LOSS PAYEE      WELLS FARGO INSURANCE SERVICES

2001 CHEVROLET  PRIZM/LSI        4 DOOR SEDAN           ID# 1Y1SK52841Z404690

Insurance is afforded only for the coverages for which limits of liability or
premium charges are indicated.

· Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 2004 HOND LIMITS | PREMIUMS | 2001 CHEV LIMITS | PREMIUMS |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $ 160.07 | $100,000 Each Person $300,000 Each Occurrence | $ 149.07 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 113.07 | $50,000 Each Occurrence | 105.57 |
| MEDICAL PAYMENTS | $2,000 | 21.50 | $2,000 | 20.00 |
| **DAMAGE TO YOUR AUTO:** | | | | |
| OTHER THAN COLLISION | SUSPENDED | SUSPENDED | SUSPENDED | SUSPENDED |
| COLLISION | SUSPENDED | SUSPENDED | SUSPENDED | SUSPENDED |
| **ADDITIONAL COVERAGES:** | | | | |
| TOWING & LABOR | SUSPENDED | SUSPENDED | SUSPENDED | SUSPENDED |
| EXT. TRANS. EXP | SUSPENDED | SUSPENDED | SUSPENDED | SUSPENDED |
| | | TOTAL $ 294.64 | | TOTAL $ 274.64 |

You may pay your premium in full or in installments. There is no installment fee
for the following billing plans: Full Pay, Annual 2-Pay. Installment fees for all
other billing plans are listed below. If more than one policy is billed on the
installment bill, only the highest fee is charged. The fee is:
  $0.00 per installment for recurring automatic deduction (EFT)
  $0.00 per installment for recurring credit card or debit card
  $3.00 per installment for all other payment methods

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90                    Page 1 of 3          DATE PREPARED: MAY  7 2013

2442

Case 1:16-cv-01175-NCT-JEP  Document 1-1  Filed 09/23/16  Page 24 of 64



**Safeco** Insurance™
A Liberty Mutual Company

POLICY NUMBER: F2556627

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

(CONTINUED)

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC 27573-5514

POLICY CHANGE
CHANGED EFFECTIVE:   MAY  21 2013
POLICY PERIOD FROM:  AUG. 13 2012
                TO:  AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO        NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |

1991 BUICK     PARK AVENUE   4 DOOR SEDAN        ID# 1G4CW53L5M1703250

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 1991 BUIC LIMITS | PREMIUMS |
|---|---|---|
| LIABILITY: | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $   149.07 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 105.57 |
| MEDICAL PAYMENTS | $2,000 | 23.00 |
| DAMAGE TO YOUR AUTO: OTHER THAN COLLISION | SUSPENDED | SUSPENDED |
| ADDITIONAL COVERAGES: TOWING & LABOR | SUSPENDED | SUSPENDED |
| EXT. TRANS. EXPENSE | SUSPENDED | SUSPENDED |
| | TOTAL $ | 277.64 |

| | | |
|---|---|---|
| COMBINED UM/UNDERINSURED MOTORISTS: BODILY INJURY | | $   127.00 |
| UNINSURED MOTORISTS (UM): UNINSURED/UNDERINSURED MOTORISTS PROPERTY DAMAGE | $ | 7.00 |
| TOTAL EACH VEHICLE: | 2004 HOND | $   294.64 |
| | 2001 CHEV | 274.64 |
| | 1991 BUIC | 277.64 |

| PREMIUM SUMMARY | | PREMIUM |
|---|---|---|
| VEHICLE COVERAGES | $ | 846.92 |
| POLICY COVERAGES | $ | 134.00 |
| TOTAL 12 MONTH PREMIUM FOR ALL VEHICLES .................................. $ | | 980.92 |

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90            Page 2 of 7          DATE PREPARED: MAY  7 2013

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 26 of 64



## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay, Annual 2-Pay.  Installment fees for all
other billing plans are listed below.  If more than one policy is billed on the
installment bill, only the highest fee is charged.  The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $0.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

CONGRATULATIONS!  YOUR PREMIUM INCLUDES DISCOUNTS FOR:
Anti-Theft, Advance Quoting, Accident Free, Violation Free, Multi-Car, Both Side Air
Bag, Low Mileage, Driver Side Air Bag


YOUR POLICY INCLUDES COMBINED UM/UNDERINSURED MOTORISTS BODILY
INJURY COVERAGE WITH LIMITS OF $100,000 PER PERSON/$300,000 PER
ACCIDENT. WE CHARGE ONE PREMIUM FOR THIS COVERAGE REGARDLESS OF
THE NUMBER OF VEHICLES ON YOUR POLICY.  YOUR PREMIUM IS $127.00.

YOUR POLICY INCLUDES UNINSURED MOTORISTS (UM) PROPERTY DAMAGE
COVERAGE WITH LIMITS OF $50,000 PER ACCIDENT. WE CHARGE ONE
PREMIUM FOR THIS COVERAGE REGARDLESS OF THE NUMBER OF VEHICLES ON
YOUR POLICY.  YOUR PREMIUM IS $7.00.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 27 of 64



Safeco Insurance™
🛡 Member of Liberty Mutual Group

**AMERICAN STATES INSURANCE COMPANY**
P O BOX 515097, LOS ANGELES, CA 90051

CARVER AGENCY INC
PO BOX 560
ROXBORO          NC    27573-0560

AUGUST 30, 2012

**POLICY NUMBER:**
F2556627

TELEPHONE: (336) 599-2189

#BWNCRPS
#/F2766552/234562#

LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514





Dear Safeco Policyholder,

Thank you for choosing us to provide for your insurance needs. Under North Carolina law, we can not continue Physical Damage coverage at the rate for which you are eligible unless you sign and return the enclosed North Carolina Consent to Rate form to the address or fax number below. Our records indicate that we do not have your Consent to Rate form on file. Without a signed copy of the form, we will not be able to continue Physical Damage coverage under your policy.

Please sign and return the enclosed form within 20 days to continue Physical Damage coverage on your automobile policy. If you have any questions, please contact your agent.

Sincerely,

AMERICAN STATES INSURANCE COMPANY
P.O. BOX 461
ST. LOUIS, MO 63166
FAX: 1-877-215-6955



SA-2623/NCEP 1/05
G2

 Insurance™

⊕ Member of Liberty Mutual Group

# INSURED'S CONSENT TO RATE FORM

### AMERICAN STATES INSURANCE COMPANY
### P O BOX 515097, LOS ANGELES, CA 90051

Insured:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

Policy Number: F255662.
Effective Date:  AUGUST 13, 2012
Policy Period From:  AUG. 13, 2012
To:  AUG. 13, 2013

AMERICAN STATES INSURANCE
P O BOX 515097
LOS ANGELES, CA  90051

at 12:01 Standard Time at the address of the applicant.

Your policy provides the following physical damage coverages for the vehicles listed below:

|  | Proposed Rate | Bureau Rate |
|---|---|---|
| **2004 HONDA CR-V EX** | | |
| Comprehensive Coverage | $ 85.50 | $ 101.00 |
| Collision Coverage | $ 158.50 | $ 195.00 |
| Other Physical Damage Coverage | $ 26.00 | $ 26.00 |
| **2001 CHEVROLET  PRIZM/LSI** | | |
| Comprehensive Coverage | $ 127.50 | $ 105.00 |
| Collision Coverage | $ 203.50 | $ 168.00 |
| Other Physical Damage Coverage | $ 26.00 | $ 26.00 |
| **1991 BUICK PARK AVENUE** | | |
| Comprehensive Coverage | $ 41.00 | $ 55.00 |
| Collision Coverage | N/A | N/A |
| Other Physical Damage Coverage | $ 26.00 | $ 26.00 |

The proposed rate does not exceed the rate that would be applicable if the applicant had been charged 550% of the rate with no Safe Driver Incentive Plan points.

I acknowledge and consent to the Proposed Rate(s) listed above. I understand that my consent applies to all renewals and endorsements and any replacement or additional vehicles added to the policy.

Signature of Named Insured: _____  Date: _____

Signature of Named Insured: _____  Date: _____

SA-2491/NCEP R1 4/05

2485

 **Safeco** Insurance™
Member of Liberty Mutual Group

**THIS IS NOT A BILL.**
When money is due, you will receive a bill in a separate mailing.

CARVER AGENCY INC
PO BOX 560
ROXBORO    NC  27573-0560

AUGUST 12, 2012

Policy Number:  F2556627
24-Hour Claims:  1-800-332-3226
Policy Service:  (336) 599-2189
Online Account Services:  www.safeco.com

LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

**IDENTIFICATION CARDS ENCLOSED**

Welcome to Safeco!

We believe insurance shouldn't be any more complex than it has to be.   Welcome to an easier experience with Safeco.

Enclosed is your new automobile policy.   Read it through carefully.   It will give you a detailed description of the type and amount of your coverage, any deductibles (your out-of-pocket costs) that apply and the effective date of your policy.   If, after reading your policy, you have any questions or want to find out about discounts that may apply to your policy, please call (336) 599-2189.

The premium for your policy is $1,617.92 for the August 13, 2012 to August 13, 2013 policy term. When you receive your billing statement, please review it carefully for the amount and date of your next payment.   Please also verify that your requested payment method is correct.

You can uncomplicate your bill paying experience by choosing our Automatic Deduction Payment Plan, which offers the convenience of monthly deductions from your checking account that can be scheduled any day of the month you like.   Please use the form on the back of your next billing statement to enroll.

For added convenience, visit www.safeco.com and make use of our automated services available to you including, but not limited to:

- Make a payment by online check, or credit card.
- Review your billing history.
- Change your billing due date.
- View your policy documents.
- Order a copy of your policy and/or insurance ID cards.
- Report to us a name change, or change of address.
- Review Safeco's Producer Compensation Disclosure.

For all other assistance please call your agent at (336) 599-2189.

**PLEASE SEE REVERSE**
**AMERICAN STATES INSURANCE COMPANY**

OC-429/EP 6/09
G1

Thank you for your business.   We look forward to serving you.

Sincerely,

Michael H. Hughes
President, Safeco Insurance and
Executive Vice President, Agency Markets



**Safeco** Insurance₊ₘ
ⓐ Member of Liberty Mutual Group

## NOTICE OF INFORMATION PRACTICES

Safeco appreciates the trust you place in us when you purchase insurance from one of our companies. We are committed to protecting your nonpublic personal information ("personal information" or "information") and we value you as a customer.

To learn more about how we collect and use information about you, please read the following notice.

### OUR SOURCES OF INFORMATION ABOUT YOU

Most of the information we obtain comes directly from you and your independent insurance producer. Your application gives us information we need to review your request, such as your name, address and Social Security Number.

We may also ask for information from other outside sources, including:

- Your transactions with our affiliates or other insurance companies (such as your payment history or claims history); and/or,

- The information we receive from a consumer reporting agency or insurance support organization (such as your credit history, driving record, claims history or verification of the value and condition of your property).

Insurance support organizations from which we obtain information may keep such information and disclose it to others as permitted by law.

If we obtain medical information about you, it is generally received in connection with the administration or management of your insurance policy or claim or for the detection and prevention of fraud. We will not share your medical information with our affiliates or non-affiliates for marketing purposes.

It is our policy to treat information we receive about you in the same confidential way we treat information that you have provided to us on your application. The same confidentiality applies to information about our former customers.

### OUR USE OF INFORMATION ABOUT YOU

We only disclose personal information about you as permitted by law. Generally, this includes sharing it with third parties to administer your transactions with us, service your insurance policy or claim, detect and prevent fraud, or with your authorization. We require these parties to use your personal data only for the reasons we gave it to them. These third parties may include:

- Insurance support organizations, consumer reporting agencies or other insurance companies (including for the detection and prevention of fraud);

- Independent insurance producers authorized to sell Safeco insurance products;

- Independent contractors (such as automobile repair facilities, towing companies, property inspectors and independent claims representatives);

- Auditors, attorneys, courts and government agencies;

- Other companies which may reinsure your policy or with which you have other coverage;

- Group policyholders in connection with reporting claims data or an audit; and/or,

- Other companies and insurance support organizations for actuarial or research studies.

We may also disclose your personal information to other financial institutions with which we have joint marketing agreements for products offered by Safeco and in response to judicial orders such as subpoenas.

We may also share information about our transactions (such as payment history) and experiences (such as claims made) with you within our Safeco family of companies.

We do not sell your personal information to others and we do not provide your information to third parties who are doing business on our behalf for their own marketing purposes.

## PROTECTING YOUR INFORMATION FROM UNAUTHORIZED ACCESS

We maintain physical, electronic and administrative safeguards to protect your information from unauthorized access. Our employees are authorized to access customer information only for legitimate business purposes.

## INDEPENDENT SAFECO INSURANCE AGENTS

The independent insurance producers authorized to sell Safeco products are not Safeco employees and are not subject to Safeco's privacy policy. Because they have a unique business relationship with you, they may have additional personal information about you that Safeco does not have. They may use this information differently than Safeco. Contact your Safeco producer to learn more about their privacy practices.

## HOW YOU CAN REVIEW YOUR INFORMATION

You can request a copy of the information about you in our files to review it for accuracy. You must make your request in writing. Within 30 business days (or as required by law) of receiving your request, we will send you the information. We will advise you of any person or group to whom we have given the information during the last two years. We will also give you the name and address of any reporting organization from which we received information about you.

There are certain types of information, such as information collected when we evaluate a claim or when the possibility of a lawsuit exists, that we are not required to provide you. We obtain medical information about you only in connection with claims and lawsuits. If the law allows you to review such information in our files, we will include it with the other information we send to you.

## IF YOU DISAGREE WITH OUR RECORDS

If you believe information in our files is wrong, you can notify us in writing. We will review your file within 30 business days of receiving your notice. If we agree with you, we will amend our records and notify you about the change. This change will become part of the file. It will be included in any future disclosures to others and will be sent to:

- Anyone you designate who may have received the information during the previous two years.
- Any person or organization who may have received the information from us during the previous seven years.
- Insurance support organizations that provided the information that was amended or changed pursuant to your request.

If we disagree with you, we will explain why. You can provide us with a written statement explaining why you believe the information is wrong. This statement will become part of the file and will be included in any future disclosures of the disputed subject matter. Your statement will also be sent to the persons listed above.

## SAFECO'S WEB SITE

If you have Internet access and want to learn more about our web site specific privacy and security practices, click on the Privacy Policy link on www.safeco.com.

## This Privacy Statement applies to the following members of the Safeco family of companies:

**American Economy Insurance Company**
**American States Insurance Company**
**American States Insurance Company of Texas**
**American States Preferred Insurance Company**
**First National Insurance Company of America**
**General Insurance Company of America**
**Insurance Company of Illinois**
**Safeco Insurance Company of America**
**Safeco Insurance Company of Illinois**
**Safeco Insurance Company of Indiana**
**Safeco Insurance Company of Oregon**
**Safeco National Insurance Company**
**Safeco Surplus Lines Insurance Company**

(For mailing address, please contact your agent of the nearest local Safeco office.)

© 2011 Safeco Insurance Company of America, Member of Liberty Mutual Group. All Rights Reserved.

# NOTICE OF RIGHT TO PURCHASE HIGHER LIMITS OF UM/UIM

NOTICE: YOU ARE REQUIRED TO PURCHASE UNINSURED MOTORISTS BODILY INJURY COVERAGE, UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE AND, IN SOME CASES, UNDERINSURED MOTORIST BODILY INJURY COVERAGE. THIS INSURANCE PROTECTS YOU AND YOUR FAMILY AGAINST INJURIES AND PROPERTY DAMAGE CAUSED BY THE NEGLIGENCE OF OTHERS WHO MAY HAVE LIMITED OR ONLY MINIMUM COVERAGE OR EVEN NO LIABILITY INSURANCE. YOU MAY PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE AND, IF APPLICABLE, UNDERINSURED MOTORISTS COVERAGE WITH LIMITS UP TO ONE MILLION DOLLARS ($1,000,000) PER PERSON AND ONE MILLION DOLLARS ($1,000,000) PER ACCIDENT OR AT SUCH LESSER LIMITS YOU CHOOSE. YOU CANNOT PURCHASE COVERAGE FOR LESS THAN THE MINIMUM LIMITS FOR THE BODILY INJURY AND PROPERTY DAMAGE COVERAGE THAT ARE REQUIRED FOR YOUR OWN VEHICLE. IF YOU DO NOT CHOOSE A GREATER OR LESSER LIMIT FOR UNINSURED MOTORIST BODILY INJURY COVERAGE, A LESSER LIMIT FOR UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE, AND/OR A GREATER OR LESSER LIMIT FOR UNDERINSURED MOTORIST BODILY INJURY COVERAGE, THEN THE LIMITS FOR THE UNINSURED MOTORISTS BODILY INJURY COVERAGE AND, IF APPLICABLE, THE UNDERINSURED MOTORIST BODILY INJURY COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR BODILY INJURY LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY AND THE LIMITS FOR THE UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR PROPERTY DAMAGE LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY. IF YOU WISH TO PURCHASE UNINSURED MOTORIST AND, IF APPLICABLE, UNDERINSURED MOTORIST COVERAGE AT DIFFERENT LIMITS THAN THE LIMITS FOR YOUR OWN VEHICLE INSURED UNDER THE POLICY, THEN YOU SHOULD CONTACT YOUR INSURANCE COMPANY OR AGENT TO DISCUSS YOUR OPTIONS FOR OBTAINING DIFFERENT COVERAGE LIMITS. YOU SHOULD ALSO READ YOUR ENTIRE POLICY TO UNDERSTAND WHAT IS COVERED UNDER UNINSURED AND UNDERINSURED MOTORIST COVERAGES.





Copyright, North Carolina Rate Bureau, 2009

SA-2774/NCEP 2/10 (NC 03 40 02 10)

## SUPPLEMENTAL NOTICE

The premium on your policy has been increased, at least in part, due to information provided by:

LexisNexis MVR
Driving Record Report
P.O. Box 105108
Atlanta, GA 30348-5108
1-800-456-6004
www.consumerdisclosure.com

The decision to take action was made by AMERICAN STATES INSURANCE COMPANY. The company shown above will be unable to provide you the specific reasons why the decision was made.

The Fair Credit Reporting Act gives you certain rights regarding information about you. You have the right, under Section 612, to obtain a free copy of the report from the company shown above, as long as you request it within 60 days of receipt of this notice. You also have the right, under Section 611, to dispute with them any information contained in the report.

If you have any questions about this change, please contact your agent.

CN-7046/EP 7/02

**Safeco** Insurance™
Member of Liberty Mutual Group

POLICY NUMBER: F2556627

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC 27573-5514

POLICY PERIOD FROM: AUG. 13 2012
TO: AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO       NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
|---|---|
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |

| 2004 HONDA | CR-V EX | 4 DOOR STATION WAGON | ID# SHSRD78874U212196 |
| LOSS PAYEE | WELLS FARGO INSURANCE SERVICES | | |
| 2001 CHEVROLET | PRIZM/LSI | 4 DOOR SEDAN | ID# 1Y1SK52841Z404690 |

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 2004 HOND LIMITS | PREMIUMS | 2001 CHEV LIMITS | PREMIUMS |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000 Each Person $300,000 Each Occurrence | $ 149.07 | $100,000 Each Person $300,000 Each Occurrence | $ 139.07 |
| PROPERTY DAMAGE | $50,000 Each Occurrence | 105.57 | $50,000 Each Occurrence | 98.57 |
| **MEDICAL PAYMENTS** | $2,000 | 20.00 | $2,000 | 18.50 |
| **DAMAGE TO YOUR AUTO:** | | | | |
| OTHER THAN COLLISION | Actual Cash Value | 85.50 | Actual Cash Value | 127.50 |
| COLLISION | Actual Cash Value Less $250 Deductible | 158.50 | Actual Cash Value Less $250 Deductible | 203.50 |
| **ADDITIONAL COVERAGES:** | | | | |
| TOWING & LABOR | $100 Each Disablement | 6.00 | $100 Each Disablement | 6.00 |
| EXT. TRANS. EXP | $30 Per Day/$900 Max | 20.00 | $30 Per Day/$900 Max | 20.00 |
| | TOTAL $ | 544.64 | TOTAL $ | 613.14 |

You may pay your premium in full or in installments. There is no installment fee for the following billing plans: Full Pay, Annual 2-Pay. Installment fees for all other billing plans are listed below. If more than one policy is billed on the installment bill, only the highest fee is charged. The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $0.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90

Page 1 of 3

DATE PREPARED: AUG. 12 2012

**Safeco** Insurance™
*Member of Liberty Mutual Group*

## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS

### (CONTINUED)

NAMED INSURED:
LORETTA T ELLIOTT
331 S LAMAR ST
ROXBORO NC  27573-5514

POLICY PERIOD FROM:  AUG. 13 2012
                TO:  AUG. 13 2013
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO        NC  27573-0560

AGENT TELEPHONE:
(336) 599-2189

| | |
|---|---|
| ALL DRIVERS IN HOUSEHOLD | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
| RATED DRIVERS | LORETTA T ELLIOTT, ALEISIA A ELLIOTT, LEE M ELLIOTT |
| 1991 BUICK    PARK AVENUE    4 DOOR SEDAN | ID# 1G4CW53L5M1703250 |

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

Your limits of liability are rated as Voluntary Liability.

| COVERAGES | 1991 BUIC LIMITS | PREMIUMS |
|---|---|---|
| LIABILITY:<br>BODILY INJURY | $100,000<br>Each Person<br>$300,000<br>Each Occurrence | $  139.07 |
| PROPERTY DAMAGE | $50,000<br>Each Occurrence | 98.57 |
| MEDICAL PAYMENTS | $2,000 | 21.50 |
| DAMAGE TO YOUR AUTO:<br>OTHER THAN COLLISION | Actual Cash Value | 41.00 |
| ADDITIONAL COVERAGES:<br>TOWING & LABOR<br>EXT. TRANS. EXPENSE | $100 Each Disablement<br>$30 Per Day/$900 Max | 6.00<br>20.00 |
| | TOTAL $ | 326.14 |

| | | |
|---|---|---|
| COMBINED UM/UNDERINSURED MOTORISTS:<br>BODILY INJURY | | $  127.00 |
| UNINSURED MOTORISTS (UM):<br>UNINSURED/UNDERINSURED MOTORISTS PROPERTY DAMAGE | | $    7.00 |
| TOTAL EACH VEHICLE: | 2004 HOND<br>2001 CHEV<br>1991 BUIC | $  544.64<br>613.14<br>326.14 |

| PREMIUM SUMMARY | PREMIUM |
|---|---|
| VEHICLE COVERAGES | $ 1,483.92 |
| POLICY COVERAGES | $   134.00 |

TOTAL 12 MONTH PREMIUM FOR ALL VEHICLES ................................. $ 1,617.92

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP 9/90                    Page 2 of 7          DATE PREPARED: AUG. 12 2012



## AMERICAN STATES INSURANCE COMPANY
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay, Annual 2-Pay.  Installment fees for all
other billing plans are listed below.  If more than one policy is billed on the
installment bill, only the highest fee is charged.  The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $0.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

CONGRATULATIONS!  YOUR PREMIUM INCLUDES DISCOUNTS FOR:
Anti-Theft, Advance Quoting, Accident Free, Violation Free, Coverage, Multi-Car,
Both Side Air Bag, Low Mileage, Driver Side Air Bag


YOUR POLICY INCLUDES COMBINED UM/UNDERINSURED MOTORISTS BODILY
INJURY COVERAGE WITH LIMITS OF $100,000 PER PERSON/$300,000 PER
ACCIDENT. WE CHARGE ONE PREMIUM FOR THIS COVERAGE REGARDLESS OF
THE NUMBER OF VEHICLES ON YOUR POLICY.  YOUR PREMIUM IS $127.00.

YOUR POLICY INCLUDES UNINSURED MOTORISTS (UM) PROPERTY DAMAGE
COVERAGE WITH LIMITS OF $50,000 PER ACCIDENT. WE CHARGE ONE
PREMIUM FOR THIS COVERAGE REGARDLESS OF THE NUMBER OF VEHICLES ON
YOUR POLICY.  YOUR PREMIUM IS $7.00.

POLICY FORMS APPLICABLE TO THIS POLICY:
SA-1697/EP 9/90, SA-2909/NCEP 4/12, SA-1701/EP 9/90, SA-1700/EP 7/09



Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 38 of 64

**Safeco Insurance**™
ⓑ Member of Liberty Mutual Group

POLICY NUMBER: F2556627

## LOSS PAYEE ENDORSEMENT

AGENT:
CARVER AGENCY INC
PO BOX 560
ROXBORO     NC    27573-0560

INSURED:
LORETTA T ELLIOTT

DESCRIBED VEHICLE:
2004 HONDA

AGENT TELEPHONE: (336) 599-2189

IDENTIFICATION NUMBER:
SHSRD78874U212196

WELLS FARGO INSURANCE SERVICES
PO BOX 5075
CORAOPOLIS PA   15108

←LOSS PAYEE

EFFECTIVE DATE:
AUG. 13 2012




The Declarations outlines the coverages purchased by our **Insured** for the described vehicle.

If you have any questions, please contact the insurance agent shown above.

---

**TO THE LOSS PAYEE:**

This policy will be extended automatically for each policy term shown on the Declarations on payment of the premium when due.

You will be notified if the policy is canceled. Your interest is fully protected until you receive notice and for a period of 10 days thereafter.

---

**AMERICAN STATES INSURANCE COMPANY**

INSURED'S COPY

SA-1700/EP 7/09

DATE PREPARED:   AUG. 12 2012



# NORTH CAROLINA AUTOMOBILE POLICY

American States Insurance Company
Home Office: 500 North Meridian Street, Indianapolis, IN 46204

(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | | Beginning On Page |
|---|---|---|
| AGREEMENT | | 1 |
| DEFINITIONS | | 1 |
| PART A | LIABILITY COVERAGE | 2 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility Required | |
| | Other Insurance | |
| PART B | MEDICAL PAYMENTS COVERAGE | 4 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Non-Duplication | |
| | Other Insurance | |
| | Arbitration | |
| PART C1 | UNINSURED MOTORISTS COVERAGE | 6 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART C2 | COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE | 9 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | 12 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Salvage Charges | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Insurance | |
| | Appraisal | |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM | 16 |
| | Duties | |
| | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage | |
| | Additional Duties for Damage to Your Auto | |

SA-2909/NCEP 4/12 (NC 00 01 Ed. 6/05)
(Copyright, North Carolina Rate Bureau, 2005)

3427

PART F        **GENERAL PROVISIONS**          **16**
Bankruptcy
Changes
Legal Action Against Us
Our Right to Recover Payment
Policy Period and Territory
Termination
Transfer of Your Interest in This Policy

**ADDITIONAL COVERAGES**        **19**
Extended Transportation Expenses Coverage
Uninsured/Underinsured Motorists Coverage

---

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

- designed for easy reference;
- simplified to make it more understandable; and
- arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

---

The following endorsements have been incorporated into the North Carolina Automobile Policy (NC 00 01 06 05).

    NC 03 22 06 05 Named Non-Owner Coverage —— North Carolina
    NC 00 13 01 10 Amendatory Endorsement

**No substantive changes have been made to any of the forms.**

---

SA-2909/NCEP 4/12 (NC 00 01 Ed. 6/05)

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"**Bodily injury**" means bodily harm, sickness or disease, including death that results.

"**Business**" means trade, profession or occupation.

"**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

    a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

    b. is not used for the delivery or transportation of goods and materials unless such use is:

        (1) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        (2) for farming or ranching.

Any coverage for a **newly acquired auto** is subject to the following:

1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D — Coverage For Damage To Your Auto applies

only if you ask us to insure it within 30 days after you become the owner.

2. If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its declarations page.

4. If you ask us to insure a **newly acquired auto** within the applicable specified time period described in 1. or 2. above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the **newly acquired auto** will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto**.

"**Occupying**" means in; upon; getting in, on, out or off.

"**Property damage**" means physical injury to, destruction of, or loss of use of tangible property.

"**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

It also means a farm wagon or farm implement while pulled by a vehicle listed in 1. or 2. above.

"**Your covered auto**" means:

1. Any vehicle shown in the Declarations.

2. a **newly acquired auto**.

3. Any **trailer** you own.

4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    a. breakdown;

SA-2909/NCEP 4/12 (NC 00 01 Ed. 6/05)

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 42 of 64

b. repair;

c. servicing;

d. loss; or

e. destruction.

This provision (4.) does not apply to Part D — Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury or property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured.** We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury or property damage** not covered under this policy.

"**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability:

1. We will pay the following on behalf of an **insured:**

   a. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds; and

   b. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay postjudgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for the coverage.

2. We will pay the following to an **insured:**

   a. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury or property damage** covered under this policy.

   b. Up to $200 a day for loss of wages or salary, but not other income, because of attendance at hearings or trials at our request;

   c. Up to $200 for expenses incurred by an **insured** for Emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy; and

   d. Other reasonable expenses incurred at our request.

The amount of any costs, wages, salary, or other expenses listed above that are incurred by an **insured** must be reported to us by such **insured** before we will make payment.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured:**

1. Who intentionally causes **bodily injury or property damage.** This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

2. For **property damage** to property:

   a. owned in whole or in part by that **insured;** or

   b. being transported by that **insured;**

3. For **property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   that **insured.** This exclusion does not apply to a residence or private garage.

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 43 of 64

while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. storing; or

    e. parking;

    vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

    a. you;

    b. any **family member**; or

    c. any partner, agent or employee of you or any **family member**.

    This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:

    a. private passenger auto;

    b. pickup or van that:

        (1) you own; or

        (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

            (a) breakdown;

            (b) repair;

            (c) servicing;

            (d) loss; or

            (e) destruction; or

    c. **trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that **insured** is entitled to do so.

    This Exclusion A.8. does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that person:

    a. is an **insured** under a nuclear energy liability policy; or

    b. would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    A nuclear energy liability policy is a policy issued by any of the following or their successors:

    a. Nuclear Energy Liability Insurance Association;

    b. Mutual Atomic Energy Liability Underwriters; or

    c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

    1. Any vehicle, other than **your covered auto**, which is:

        a. owned by you; or

        b. furnished for your regular use.

    2. Any vehicle, other than **your covered auto**, which is:

        a. owned by any **family member**; or

        b. furnished for the regular use of any **family member**.

    However, this exclusion (**B.2.**) does not apply to your maintenance or use of any vehicle which is:

        a. owned by a **family member**; or

        b. furnished for the regular use of a **family member**.

## LIMIT OF LIABILITY

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds**;

2. Claims made;

2428



3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar laws specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

### Appraisal — Diminution in Value

If there is no dispute between the claimant and us regarding the **insured's** liability for the property damage to the claimant's vehicle, but:

 a. the claimant and we fail to agree as to the difference in fair market value of the vehicle immediately before the accident and immediately after the accident; and

 b. the difference in the claimant's and our estimate of the diminution in fair market value is greater than two thousand dollars ($2,000) or twenty-five percent (25%) of the fair market retail value of the vehicle prior to the accident as determined by the latest edition of the National Automobile Dealers Association Pricing Guide Book or other publications approved by the Commissioner of Insurance, whichever is less; then

on the written demand of either the claimant or us, the dispute regarding the amount of the diminution in value shall be determined by appraisal in accordance with G.S.20-279.21(d1).

---

# PART B — MEDICAL PAYMENTS COVERAGE

## INSURING AGREEMENT

We will pay reasonable expenses incurred for necessary medical and funeral expenses because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

 a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

 b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

 a. the use of thermography or other related procedures of a similar nature; or

 b. the use of acupuncture or other related procedures of a similar nature; or

 c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

342K

Case 1:16-cv-01175-NCT-JEP Document 1-1 Filed 09/23/16 Page 45 of 64

"Insured" as used in this Part means:

1. You or any **family member**:

    a. while **occupying;** or

    b. as a pedestrian when struck by;

    a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

2. Any other person while **occupying**:

    a. **your covered auto;** or

    b. any other motor vehicle:

        (1) operated by you; or

        (2) operated by a **family member** if the motor vehicle is a private passenger auto or **trailer**.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Sustained while **occupying** any vehicle located for use as a residence or premises.

3. Occurring while employed or otherwise engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. storing; or

    e. parking;

    vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers compensation benefits are available for the **bodily injury**.

4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

    a. owned by you; or

    b. furnished for your regular use.

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

    a. owned by any **family member;** or

    b. furnished for the regular use of any **family member.**

    However, this exclusion does not apply to you.

6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

This exclusion 6. does not apply to a **family member** using **your covered auto** which is owned by you.

7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

    a. a share-the-expense car pool; or

    b. you or any **family member.**

8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while that **insured** is engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. storing; or

    e. parking;

    vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion 8. This exclusion does not apply:

    a. to you or any **family member;** or

    b. if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

10. Caused by or as a consequence of:

    a. war (declared or undeclared);

    b. civil war;

    c. insurrection; or

    d. rebellion or revolution.

11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

3. Vehicles involved in the accident.



## NON-DUPLICATION

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## ARBITRATION

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a

third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

## PART C1 — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

"**Insured**" as used in this Part means:

1. **You** or any **family member.**

2. Any other person **occupying:**

    a. **your covered auto;** or

    b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

"**Property damage**" as used in this Part means injury to or destruction of;

1. **Your covered auto.**

2. Any property owned by a person listed in **1.** or **2.** of **insured.**

"**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

1. To which neither:

    a. a liability bond or policy; nor

    b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

    applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

    a. you or any **family member;**

    b. a vehicle which you or any **family member** are occupying; or

    c. **your covered auto.**

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

    a. denies coverage; or

    b. is or becomes insolvent.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 47 of 64

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

   a. the United States of America;

   b. Canada;

   c. a state; or

   d. an agency, other than a political subdivision of **a.**, **b.** or **c.** above.

4. Operated on rails or crawler treads.

5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured**:

   1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion **A.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

   4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

   5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

   6. For any punitive or exemplary damages, or legal costs related thereto.

   7. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member.**

B. We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   a. workers compensation law; or

   b. disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care and loss of services or death, sustained by any one person in any one accident.

Subject to this limit for "each person", the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and property damage regardless of the number of:

   1. **insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

A. The third paragraph of **Limit of Liability** is deleted and replaced by the following:

   The limits of bodily injury liability shown in the [Schedule or] Declarations for each person and each accident for this coverage shall be reduced by all sums:

   1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A;** and

   2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

   The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

   1. The limit of bodily injury liability shown in the [Schedule or] Declarations for each person for this coverage reduced by all sums described in items **1.** and **2.** of the preceding paragraph; or

2. The damages sustained by the **insured** for **bodily injury** reduced by:

   a. all sums described in items 1. and 2. in the preceding paragraph; and

   b. all sums paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers compensation law.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums payable under Part A.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable.

   The person to or for whom payment was made shall do:

   1. Whatever is necessary to enable us to exercise our rights; and

   2. Nothing after loss to prejudice them.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

   1. Hold in trust for us the proceeds of the recovery; and

   2. Reimburse us to the extent of our payment.

**ARBITRATION**

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or operator of an **uninsured motor vehicle;** or

2. As to the amount of such compensatory damages;

then the **insured** may demand to settle these disputed issues by arbitration. If an **insured** files a lawsuit against us or an owner or operator of an **uninsured motor vehicle** seeking damages that are the subject of the claim for Uninsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if such lawsuit is filed within the time limit required by the law of the state where the accident occurred for filing a lawsuit against the owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident and only if the **insured** gives us a written demand for arbitration within (30) days after the filing of such lawsuit.

The following procedures will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Judgment upon award may be entered in any proper court.

6. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 49 of 64

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**. We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

"**Insured**" as used in this Part means:

1. You or any **family member**;

2. Any other person **occupying**;

    a. **your covered auto**; or

    b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in **1.** or **2.** above.

"**Property damage**" as used in this Part means injury to or destruction of;

1. **Your covered auto**.

2. Any property owned by a person listed in **1.** or **2.** of **insured**.

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

    a. is less than the limit of liability for this coverage; or

    b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an uninsured motor vehicle.

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither

    a. a liability bond or policy; nor

    b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

    applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

    a. you or any **family member**;

    b. a vehicle which you or any **family member** are **occupying**; or

    c. **your covered auto**.

3412

4. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

   a. the United States of America;

   b. Canada;

   c. a state; or

   d. an agency, other than a political subdivision of a., b. or c. above.

4. Operated on rails or crawler treads.

5. Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured**:

   1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

   5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

   6. For any punitive or exemplary damages, or legal costs related thereto.

7. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

B. We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

   1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

      a. have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

      b. we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion C.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   4. For any punitive or exemplary damages, or legal costs related thereto.

   5. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member.**

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   a. workers compensation law; or

   b. disability benefits law.

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for each person for Combined

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 51 of 64

Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

A. The fourth and fifth paragraphs of **Limit of Liability** are deleted and replaced by the following:

The limits of bodily injury liability shown in the [Schedule or] Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

1. the limit of bodily injury liability shown in the [Schedule or] Declarations for each person for this coverage reduced by all sums described in items 1. and 2. of the preceding paragraph; or

2. the damages sustained by the **insured** for **bodily injury** reduced by:

   a. all sums described in items 1. and 2. in the preceding paragraph; and

   b. all sums paid or payable under the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North

Carolina's workers compensation law.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage by** or on behalf of persons or organizations who may legally responsible. This includes all sums payable under Part **A.**

No payment will be made for loss paid or payable to the **insured** under Part **D** or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part **A.**

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 52 of 64

share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

If we and an **insured** do not agree:

1.  Whether that **insured** is legally entitled to recover compensatory damages from the owner or operator of an **uninsured motor vehicle or underinsured motor vehicle**; or

2.  As to the amount of such compensatory damages; and

then the **insured** may demand to settle these disputed issues by arbitration.

For purposes of an:

1.  Uninsured Motorists Coverage claim, if an **insured** files a lawsuit against us or an owner or operator of an **uninsured motor vehicle** seeking damages that are the subject of the claim for Uninsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if such lawsuit is filed within the time limit required by the laws of the state where the accident occurred for filing a lawsuit against the owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident and only if the **insured** gives us a written demand for arbitration within thirty (30) days after the filing of such lawsuit.

2.  Underinsured Motorists Coverage claim, if an **insured** files a lawsuit against an owner or operator of an **underinsured motor vehicle** seeking damages that are the subject of the claim for Underinsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if the **insured** gives us a written demand for arbitration within thirty (30) days after the later of:

    a.  The date we advance payment to the **insured** in an amount equal to a tentative settlement between the **insured**

and the owner or operator of the **underinsured motor vehicle**;

    b.  The date any applicable liability bonds or policies have been exhausted by payments of judgments or settlements; or

    c.  The date the **insured** files a lawsuit against an owner or operator of an **underinsured motor vehicle** seeking damages that are the subject of the claim for Underinsured Motorists Coverage under this policy, provided that such lawsuit is filed within the time limit required by the laws of the state where the accident occurred for filing a lawsuit against the owner or operator of the **underinsured motor vehicle** for the damages arising out of the accident.

The following procedures will be used:

1.  Each party will select a competent arbitrator. The two so selected will select a third.

2.  If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3.  Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4.  Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5.  Judgment upon award may be entered in any proper court.

6.  As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1.  Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2.  **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations. The deductible will not apply to a loss caused by:

1.  fire or lightning.

2.  smoke due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 53 of 64

3. the stranding, sinking, burning, **collision** or derailment of any conveyance in or on which the auto is being transported.

"**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

Loss caused by the following is considered other than **collision**:

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

9. Contact with bird or animal; or

10. Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision**, you may elect to have either loss considered to be caused by **collision**.

"**Non-owned auto**" means:

1. Any private passenger auto, station wagon, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

1. Which are owned by you or any **family member;** and

2. Which are in or on **your covered auto.**

   "**Permanently installed**" means installed by bolts, brackets, or welding in a location in accordance with applicable laws and regulations for the installation of such equipment or device.

## TRANSPORTATION EXPENSES

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Transportation expenses incurred by you in the event of the total theft of **your covered auto.** This applies only if the Declarations indicate that Other Than Collision is provided for that auto.

2. Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto.** This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto.**

We will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

## SALVAGE CHARGES

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

4. Loss to:

   a. Any electronic equipment or device that records, emits, amplifies, receives or transmits audio, visual, or data signals, including, but not limited to:

      (1) radios and stereos;

      (2) tape decks;

      (3) compact disc players or recorders;

      (4) citizens band radios;

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 54 of 64

(5) telephones;

(6) two-way mobile radios;

(7) scanning monitor receivers;

(8) television monitor receivers;

(9) video cassette recorders;

(10) audio cassette recorders;

(11) personal computers; or

(12) digital video disc player or recorder.

This exclusion **(4.b.)** does not apply to such equipment that is:

(1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) an integral part of the same unit housing any sound reproducing equipment described in **a.** and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.

b. tapes, records, discs, or other media used with any equipment or device described in **a.**;

c. any accessories used with equipment described in **a.**

Exclusions **4.a.** and **4.c.** do not apply to:

a. any equipment or device that is **permanently installed** by the vehicle's manufacturer; or

b. the first $1,000 of any equipment or device that is **permanently installed** by other than the vehicle's manufacturer;

in any **your covered auto** or a **non-owned auto.**

5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion does not apply to a camper body or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within the policy period or within 30 days after you become the owner.

6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing; or

e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.

8. With respect to any **trailer** shown in the Declarations, loss to:

a. awnings or cabanas; or

b. equipment designed to create additional living facilities.

9. Loss to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

10. Loss to equipment designed or used to detect or deter radar, laser or other special monitoring equipment whether or not permanently installed.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

12. Loss to any custom furnishings or equipment in or upon any **your covered auto** or **non-owned auto,** including, but not limited to:

a. special carpeting and insulation, furniture or bars;

b. facilities for cooking and sleeping;

c. height extending roofs or ladders;

d. custom windows, murals, paintings or other decals or graphics;

e. tool boxes and fifth wheel conversions;

f. side exhausts and headers;

g. winches and roll bars;

h. special wheels/tires; or

i. body or suspension alterations.

However, this exclusion **(12.):**

a. does not apply to the first $1,000 of any such custom furnishings or equipment; and

b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 55 of 64

13. Loss to, or loss of use of, a non-owned auto rented by:

   a. you; or

   b. any family member;

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that family member, pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

   This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and

2. A trailer not owned by you is $1,500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy. If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value. IN THE REPAIR OF YOUR COVERED AUTO UNDER THE PHYSICAL DAMAGE COVERAGE PROVISIONS OF THIS POLICY, WE MAY REQUIRE OR SPECIFY THE USE OF AUTOMOBILE PARTS NOT MADE BY THE ORIGINAL MANUFACTURER. THESE PARTS ARE REQUIRED TO BE AT LEAST EQUAL IN TERMS OF FIT, QUALITY, PERFORMANCE AND WARRANTY TO THE ORIGINAL MANUFACTURER PARTS THEY REPLACE.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a non-owned auto shall be excess over any other collectible insurance.

## APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

## LOSS PAYEE

If a Loss Payee is shown in the Declarations, then any Collision Coverage or Other Than Collision Coverage provided by this policy applies to the Loss Payee's interest in your covered auto. If Collision Coverage or Other Than Collision Coverage is canceled or nonrenewed, we will provide coverage for the Loss Payee's interest until 10 days after the date we mail or electronically transmit a notice of the cancellation or nonrenewal to the Loss Payee. Any coverage for the Loss Payee's interest shall terminate on the earlier of the expiration of this 10 day period or the effective date of a policy or insurance binder for similar coverage for the Loss Payee's interest issued by another insurance carrier. Except for any continuation of coverage for the Loss Payee's interest that may be provided under this paragraph in connection with the Loss Payee's right to notice of cancellation or nonrenewal, this coverage for the Loss Payee's interest is only provided for a loss that would otherwise be payable to you.

Notwithstanding any other provisions of this policy, including but not limited to any continuation of coverage for the Loss Payee's interest as set forth above, if Collision Coverage for Other Than Collision Coverage is rescinded, the Loss Payee shall have no rights greater than your rights to recover for a loss.

If we pay you or the Loss Payee, then we are entitled to your and the Loss Payee's rights of recovery to the extent of our payment. Our right of recovery does not impair the Loss Payee's right to recover the full amount of its claim from you.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 56 of 64

## GENERAL DUTIES

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams;

   b. to examination under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

## ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and

2. The opportunity to participate, at our expense, in the prosecution of such claim.

## ADDITIONAL DUTIES FOR DAMAGE TO YOUR AUTO

A person seeking Coverage For Damage To Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

2. To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

1. Autos insured by the policy, including changes in use.

2. Drivers.

3. Coverages or coverage limits.

4. Rating territory.

5. Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

## FRAUD OR MATERIAL MISREPRESENTATION

We do not provide coverage for any **Insured**:

1. Who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy; or

2. If a named insured made a material misrepresentation in the application for this policy of insurance.

This provision applies to Part A — Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina. If we make payment under Part A — Liability Coverage which we would not have otherwise made in the absence of the preceding sentence, then we shall have the right to recover such payment from any **Insured** who made a fraudulent statement, engaged in fraudulent conduct, or made a material misrepresentation.

## LEGAL ACTION AGAINST US

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **Insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **Insured.**

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

    1. Whatever is necessary to enable us to exercise our rights; and

    2. Nothing after loss to prejudice them.

However, our rights in this paragraph do not apply under:

    1. Part B;

    2. Parts C1 and C2, as those parts contain separate provisions which state our right to recover payment under those Parts;

    3. Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, our rights in this paragraph do not apply to Part B.

## POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico;

3. Canada;

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION — CANCELLATION, NON-RENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

    a. returning this policy to us; or

    b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first-class mail to the named insured shown in the Declarations at the last known address:

    a. at least 15 days notice if cancellation is for nonpayment of premium;

    b. at least 60 days notice in all other cases.

3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:

    a. Nonpayment of premiums.

    b. You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance


Case 1:16-cv-01175-NCT-JEP Document 1-1 Filed 09/23/16 Page 58 of 64

Facility on submission of new application.

c. The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's **insureds.**

d. The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.

e. You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.

f. If you knowingly make a material misrepresentation of:

a. the years of driving experience; or

b. the driving record of;

you or any other driver who lives with you and customarily uses **your covered auto.**

g. The named insured is no longer an eligible risk under G.S. 58-37-1.

h. Any other reason permitted by the North Carolina General Statutes.

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments or Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

a. requires a longer notice period;

b. requires a special form of or procedure for giving notice;

c. modifies any of the stated termination reasons; or

d. adds any additional termination reasons;

we will comply with those requirements and this policy shall be deemed amended to include any such change in the law.

2. Proof of mailing of any notice shall be sufficient proof of notice.

3. If the named insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**AUTO REPAIRS**

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

(i) the claimant is under no obligation to use the recommended repair service;

(ii) the claimant may use the repair service of the claimant's choice; and

(iii) the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto; and**

3. Any person having proper temporary custody of **your covered auto,** as an **insured,** until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

**CHOICE OF LAW**

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 59 of 64

claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

**SPOUSE ACCESS**

The named insured and we agree that the named insured and resident spouse are **customers** for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured.

The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a **customer** for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS. (NC 03 02 (Ed. 1-99))**

**EXTENDED TRANSPORTATION EXPENSES COVERAGE**

The provisions and exclusions that apply to Part D — Coverage for Damage to Your Auto also apply to this endorsement except as changed by this endorsement.

A. **EXTENDED TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage is afforded, or to a **non-owned auto,** we will pay, without application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you;

2. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto.**

This coverage applies only if:

1. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours; and

2. The loss is caused by **collision** or is otherwise covered under Part **D** of this policy.

However, this coverage does not apply when there is a total theft of **your covered auto** or a **non-owned auto.** Such coverage is provided under Part D of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

B. **INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to **your covered auto** described in the Declarations for which a specific premium charge indicates that Increased Limits

Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. **Coverage for Extended Transportation Expenses Coverage** provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.

2. **Coverage for Transportation Expenses Coverage** provided under Part D of this policy is increased to $30 per day up to a maximum of $900.

C. **ADDITIONAL INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Additional Increased Limits Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1500. All other provisions of Extended Transportation Expenses Coverage apply.

2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.

---

**TOWING AND LABOR COSTS COVERAGE**

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

Case 1:16-cv-01175-NCT-JEP   Document 1-1   Filed 09/23/16   Page 60 of 64

This policy has been signed by our President and Secretary.



Paul Condrin
President



Dexter Legg
Vice President and Secretary

This policy includes copyrighted material of Insurance
Services Office, Inc. with its permission.

SA-1701/EP 9/90
G16

**FILE COPY**

J. BRUCE HOOF
Managing Member
bruce@hoofhugheslaw.com

JAMES H. HUGHES
Managing Member
jim@hoofhugheslaw.com

PATRICIA G. YOUNG
Senior Associate
patti@hoofhugheslaw.com

# HOOF HUGHES

August 29, 2014

Ms. ReNesha Benson
Safeco Claims
American States Insurance Company
PO Box 515097
Los Angeles, CA 90051-5097

> **RE:** My Client – Your Insured: Loretta T. Elliott
> Policy Number: F2556627
> DOA: January 16, 2013
> Your Claim # 128054815036

Dear Ms. Benson,

This letter is to confirm our telephone conversation of August 28, 2014 in which you indicated that Safeco would not be making any settlement offer on the claim made by Ms. Elliott. As a result we feel compelled to institute litigation to recover amounts due under Ms. Elliott's underinsurance coverage of her Safeco policy. Please be advised that we will seek all legal remedies available to us as a result of your failure in good faith to effectuate a prompt fair and equitable settlement of this clear liability case.

Sincerely yours,

James H. Hughes

cc: Loretta Elliott
JHH

## EXHIBIT B

HOOF HUGHES LAW, PLLC
3211 Shannon Road, Suite 320 - Durham, NC 27707
Phone (919) 489-9100 - Fax (919) 489-9090 www.hoofhugheslaw.com

NORTH CAROLINA

DURHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 5177

FILED

LORETTA T ELLIOTT,

Plaintiff

v.

MICHAEL F JONES,

Defendant

)
)
)
)
)
)
)
)
)
)
)

ORDER TO CONFIRM
AND ENTER JUDGMENT
ON ARBITRATION AWARD

This matter came on to be heard before the undersigned Judge Presiding on motion of Plaintiff, Loretta T. Elliott, pursuant to NCGS §§1-569.22 and 1-569.25 to confirm the Arbitration Award rendered in this case on February 9, 2016 and enter judgment thereon, and it appearing to the court the following:

1.  This action arose out of an automobile collision which occurred on January 16, 2013 involving motor vehicles owned and operated respectively by the Plaintiff Loretta T. Elliott ("Elliott") and the Defendant Michael F. Jones ("Jones") ("the collision").

2.  At the time of the collision the Plaintiff Elliott's vehicle was covered by an automobile insurance policy issued by the American States Insurance Company (American) which policy provides uninsured or underinsured (UIM) motorist coverage.

3.  At the time of the collision the Defendant Jones and his vehicle were covered by an automobile insurance policy issued by the State Farm Insurance Company (State Farm), which policy provided liability coverage for the Defendant Jones in the event he was liable for the injuries and damages suffered by Plaintiff Elliott as a result of the

EXHIBIT C

collision. The liability coverage to Jones' vehicle ($30,000.00) is in an amount less than the amount of UIM coverage provided by the American policy covering the Elliott vehicle ($100,000.00).

4. The liability coverage provided to Defendant Jones by the State Farm policy in the amount of $30,000.00 was tendered and paid to Plaintiff Elliott by State Farm on September 5, 2014.

5. On October 8, 2014 Plaintiff instituted this action and the matter was ordered into arbitration by order of this court on March 26, 2014.

6. An Arbitration Hearing was held on February 2, 2016 and an award was rendered in favor of Plaintiff on February 9, 2016 in the amount of $90,000.00 in actual damages plus costs and interest.

7. That interest at the legal rate of 8% from October 8, 2014 to March 7, 2016 is $6,785.75 and continues to accrue thereafter at the rate of $13.15 per day.

8. The plaintiff has incurred cost totaling $1,284.42.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED:

1. That the Arbitration Award rendered on February 9, 2016 is hereby confirmed.

2. That in accordance with said Arbitration Award, Plaintiff is granted Judgment against the Defendant in the amount of $60,000.00 with interest in the amount of $6,785.75 through March 7, 2016 and 8% thereafter and cost in the amount of $1,284.42.

This the ___1___ day of ___March___, 2016.

BY _____
Superior Court Judge Presiding

2